UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ST. LOUIS-KANSAS CITY CARPENTERS )
REGIONAL COUNCIL, et al., )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:16-CV-1196-CEJ
 )
EARL BANZE CONSTRUCTION CO., INC., )
 )
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment, [Doc. #9], pursuant to Fed. R. Civ. P. 55(b)(2).

**I. Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are the St. Louis-Kansas City Carpenters Regional Council, four employee benefit plans (the Pension, Health and Welfare, Vacation, and Training Funds) and their trustees (collectively, the plans). Defendant Earl Banze Construction Co., Inc. is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA.

Defendant employs individuals who are members of the St. Louis-Kansas City Carpenters Regional Council (the Union). Plaintiffs allege that defendant failed to make all its required contributions to the funds and forward to the Union all the

deducted dues, as required under the terms of the collective bargaining agreements between defendant and the Union. [Doc. #1 at 4].

## II. Procedural History

Plaintiffs filed the instant case on July 21, 2016. Service was achieved on defendant on July 26, 2016. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendant was required to file an answer or other responsive pleading within twenty-one days of being served with the complaint. Because defendant failed to do so, the Court ordered that the plaintiff file motions for entry of default on August 25, 2016. [Doc. #4]. The plaintiffs failed to comply with that deadline and the Court dismissed the action on October 20, 2016. Plaintiffs later informed the Court that they filed for default under the wrong case number, and the Court vacated its dismissal order. [Doc. #7]. The plaintiffs then filed a motion for default judgment on November 1, 2016. [Doc. #9]. Defendant did not respond.

## III. Legal Standard

Pursuant to Rule 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Granting default judgment is within a district court's discretion. *See Weitz Co, LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

When a party defaults, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., Federal

Practice and Procedure: Civil § 2688, at 63 (3d ed. 1998)). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (internal quotation and citation omitted).

**IV. Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs. *Id.* § 1132(g)(2).

On June 3, 2013, defendant agreed to be bound by the terms of the Missouri/Illinois Independent Building Contractors agreement with the Union (the Agreement), as well as the Missouri/Illinois Independent Area Addendum [Doc. #10 at 1; Doc. #9-2 at 1; Doc. #9-3; Doc. #9-5]. The Agreement requires defendant to contribute to the funds at the appropriate rate for each hour worked by each covered employee. [Doc. #9-3 at Art. VIII § 8.01(a)]. It also provides that the employee must withhold from wages employee contributions at the appropriate hourly rate and submit the same to the relevant vacation fund. *Id.* at Art. VIII §

3

8.01(b). The Agreement's addendum mandates that defendant must furnish remittance reports to ensure that contributions can be credited to employees' accounts. [Doc. #9-5 at 11]. The Agreement also incorporates by reference the plans' trust documents, which provide that failure to make timely contributions subjects defendant to liability for collection of delinquent fringe benefit contributions, liquidated damages, interest, court costs, and attorneys' fees. [Doc. #9-3 at Art. XIII § 9.01]. Plaintiffs are further authorized to audit defendant's payroll and related records, and invoke written collection policies, including advance cash deposits. *Id.*

Plaintiffs submit the affidavit of Juli Laramie, the accountant and controller for the funds. [Doc. #9-2 at 1]. Laramie asserts that defendant has failed to purchase required fringe benefit stamps, which allow for contributions to the benefit funds. [Doc. #9-2 at 1–2]. She also avers that for the period between April 20, 2016, and October 12, 2016, and after applying credits,[1] defendant owes $64,937.50 in unpaid fringe benefit contributions, $697.41 in interest, and $4,224.09 in liquidated damages. [Doc. #9-2 at 3]. In total, she claims, defendant owes $69,859.00. *Id.* Plaintiffs submit an exhibit showing the results of a payroll audit for the period of April 20, 2016, through October 12, 2016. This exhibit confirms the quantities of unpaid fringe benefits, interest, and liquidated damages provided by Laramie in her affidavit. [Doc. #9-7].

Plaintiffs also submit the affidavit of attorney Greg A. Campbell. [Doc. #9-1]. According to Mr. Campbell, the standard hourly billing rates in delinquency matters are $190.00 for partners and $100.00 for legal assistants. *Id.* He stated that he

---

[1] Laramie credits defendant with $6,200.00 garnished from its bank account in another case, as well as $3,582.61 he has already deposited. [Doc. #9-2 at 2].

4

performed a total of 3.6 hours of services and that his legal assistant, Jamie C. Buckley, performed 1.0 hour of work. *Id.* Accordingly, legal services resulted in $784.00 in fees.[2] [Doc. #9-1 at 2]. In addition, the firm paid $400.00 for the filing fee and $116.76 for service of process, for a total of $516.76, to which plaintiffs are also entitled.

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Earl Banze Construction Co., Inc. was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that defendant is liable to them for $64,937.50 in unpaid fringe benefit contributions, $697.41 in interest, and $4,224.09 in liquidated damages, for a total of $69,859.00. Plaintiffs have also established defendant is liable to them for $1,300.76 in legal fees and costs. Therefore, judgment will be entered in favor of plaintiffs and against defendant in the sum of $71,159.76.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #9] is **granted**.

A separate judgment will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2016.

---

[2] The arithmetic in Mr. Campbell's affidavit is incorrect, as he claims a total of $884.00 in legal services.